IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NOS. 6:10-cv-630-LED; |
| v. | § § § | JURY |
| LG CORPORATION, ET AL., | § § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO STAY ALL DEADLINES

### Introduction

On November 29, 2011, this Court granted the Defendants' Motion to Transfer this case to the District Court for the District of New Jersey. (D.I. 94). Defendants LG Corporation,[1] LG Electronics Inc. and LG Electronics U.S.A., Inc. ("LG") respectfully file this motion to stay all deadlines set under this Court's Discovery Order (D.I. 82) and Docket Control Order (D.I. 86), pending such transfer.

The day after the Court granted LG's Motion to Transfer, Plaintiff Industrial Technology Research Institute ("ITRI") requested that the parties stay the deadlines for service of initial disclosures and written discovery responses. Ex. A, Letter from Ari Rafilson to Jeffrey Sherwood, dated Dec. 1, 2011 (attached). LG responded, suggesting that the parties agree to stay all deadlines in the case. Ex. B, Email from C. Park to ITRI counsel dated Dec. 2, 2011 (attached). The parties did not file a motion when LG agreed to the limited stay that ITRI

---

[1] LG Corporation is a defendant in this case; however, LG Corporation currently has a motion to dismiss for lack of personal jurisdiction pending before this Court and, accordingly, is not yet required to answer the complaint. By filing this motion, LG Corporation does not consent to jurisdiction.

1

proposed, based on an indication from this Court's clerk that no such motion was necessary. Ex. C, Email from Ari Rafilson to Collin Park, dated December 5, 2011 (attached). ITRI has since changed its position with respect to staying the upcoming deadlines. Ex. D, Letter from Ari Rafilson to Jeffrey Sherwood, dated Dec. 8, 2011 (attached). On December 9, 2011, ITRI filed a Request for Reconsideration of the Order granting LG's Motion to Transfer. (D.I. 95).

ITRI's original stay request explicitly acknowledged that the transferee court, the District Court for the District of New Jersey, will issue its own scheduling and discovery orders pursuant to its local rules. Ex. A. The District of New Jersey has adopted its own local patent rules, distinct from those of the Eastern District of Texas, and when this case is transferred, the Court will have to reschedule the *Markman* hearing, the trial, and all deadlines that flow from these dates. *See* D.N.J. L. Civ. R. 9.3 – Local Patent Rules. As such, the parties will soon be proceeding under different court rules and deadlines. LG therefore respectfully requests that the Court stay all deadlines in the present action.

## Analysis

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Under circumstances similar to this case, Judge Guthrie stayed all case deadlines after granting a motion to transfer and the filing of a request for reconsideration of the transfer decision. *York v. Union Pac. R.R. Co.*, Case No. 9:07-cv-169-TH, D.I. 44 (E.D. Tex. Feb. 25, 2008) (attached as Ex. E); *see also Sanofi-Aventis Deutschland Gmbh v. Novo Nordisk, Inc.*, 614

F. Supp. 2d 772, 781-82 (E.D. Tex. 2009) (Clark, J.) (staying the case pending a decision on an earlier-filed declaratory judgment action in another Court, reasoning that transfer may be granted depending on the other Court's determination). Further, this Court issued an order, *sua sponte*, in the *Realtime* matters staying all deadlines under the Docket Control Order and all discovery pending final resolution of the transfer, and further denied a motion brought by Plaintiff to lift that stay. *Realtime Data, LLC v CME Grp. Inc.*, Case No. 6:09-cv-327, D.I. 466 (E.D. Tex. May 11, 2011) (order staying all deadlines, attached as Ex. F) and D.I. 476 (July 26, 2011) (order denying Motion to Lift Stay, attached as Ex. G).

Relevant factors in determining whether a stay is warranted pending potential transfer of a case may include: the hardship and inequity to the moving party if the action is not stayed, the potential prejudice to the non-moving party, and the judicial resources that would be saved. *Esquivel v. BP Co. North Am.*, Nos. 10-cv-236, -227, -237, 2010 U.S. Dist. LEXIS 110015, at *9 (S.D. Tex. Oct. 14, 2010). In this case, each of these factors favors granting the stay. Indeed, because discovery will not be denied, rather merely delayed, staying discovery is appropriate. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (holding that the district court did not abuse its discretion in delaying discovery pending motion for change of venue).

A stay will avert hardship and inequity to LG by preventing LG from incurring additional expenses complying with deadlines that will be revised and managed by the transferee court. In particular, the transferee court will issue new *Markman* Hearing and Trial dates, which will affect all preceding deadlines and requisite briefing. Thus, without a stay, LG, as well as ITRI and the Court, will engage in all of the upcoming Patent Local Rule deadlines in this matter, *e.g.*, 3-3, 3-4, 4-1, 4-2, 4-3 (as well as early Markman briefing), which will result in expending significant time and expense on matters that should be undertaken in the transferee court.

Requiring LG to comply with the upcoming deadlines after transfer has been ordered will prejudice LG. *Esquivel,* 2010 U.S. Dist. LEXIS 110015, at *14-15 (finding that "Defendants will suffer some hardship and inequity if a stay is not granted," where upcoming deadlines were looming). Indeed, both LG and ITRI will benefit from not having to duplicate efforts regarding claim construction once transfer is complete.

Further, without a stay, the parties will be required to complete discovery that even ITRI acknowledges should be postponed. *See* Ex. A. Despite ITRI later recanting its agreement to stay discovery, the merits of such a stay still exist. In particular, as this Court has recognized, the District of New Jersey is a more convenient forum for LG to participate in discovery. Any discovery or depositions that continue in this District will inherently burden LG. D.I. 94 at 13 (stating "the ease of access to sources of proof and the cost of attendance for willing witnesses favors transfer"). Additionally, any discovery disputes filed before this Court will unnecessarily require this Court's intervention. Thus, continuing with discovery at this juncture will result in substantial efforts put forth by the parties and this Court that may be rendered moot when transfer is complete.

On the other hand, a stay would not prejudice ITRI. This case is in its infancy, and the parties will be obligated to follow the new schedule entered in the District of New Jersey. Even if transfer is ultimately denied, the scheduled deadlines could be modified to account for the stay. Because, the *Markman* hearing is not scheduled until July 26, 2012, the parties should have ample time to complete any discovery and the required patent disclosures. Accordingly, there is no potential prejudice to ITRI by the requested stay.

Finally, judicial economy will be served by staying this case pending resolution of the transfer. For example, any discovery disputes would require this Court's intervention despite the

fact that this Court has already determined that the District of New Jersey is a more convenient forum for the present case. Similarly, this Court's resources would be preserved by not considering early *Markman* briefing or other patent rule filings. These matters should be taken up by the transferee court. Thus, a stay would provide a "means of avoiding unnecessary duplication of judicial machinery." *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967) (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)).

## **Conclusion**

For the foregoing reasons, LG's Motion to Stay All Deadlines should be granted.

Dated:  December 16, 2011               By: /s/ *Thomas R. Davis*

MORGAN, LEWIS & BOCKIUS LLP

Winstol D. Carter, Jr., Lead Attorney
State Bar No. 03932950
wcarter@morganlewis.com
Thomas R. Davis
State Bar No. 24055384
tdavis@morganlewis.com
Teresa Garcia-Reyes
State Bar No. 24045918
tgarcia-reyes@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Collin W. Park
Admitted Pro Hac Vice
cpark@morganlewis.com
1111 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 739-3000 Telephone
(202) 739-3001 Facsimile

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h), and counsel for Plaintiff indicated that Plaintiff intends to oppose to this motion.

/s/ *Thomas R. Davis*
Thomas R. Davis

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 16, 2011.

/s/ *Thomas R. Davis*
Thomas R. Davis