```
―――――――――――――――――――――x
                               :
INDUSTRIAL TECHNOLOGY          :    Civil Action No. 12-00949 (ES) (JAD)
RESEARCH INSTITUTE,            :
                               :
                               :
              Plaintiff,       :
       v.                      :    REPORT AND RECOMMENDATION
                               :       OF THE SPECIAL MASTER
LG ELECTRONICS, et al.,        :
                               :
              Defendants.      :
―――――――――――――――――――――x
```

This matter comes before the Special Master upon Plaintiff Industrial Technology Research Institute's ("ITRI") motion for leave to serve amended infringement contentions. After considering the submissions of the parties, based upon the following, it is the recommendation of the Special Master that the Court deny ITRI's motion to serve amended infringement contentions.

## I. Background

This matter involves a patent infringement complaint filed against Defendants LG Electronics, Inc. and LG Electronics USA, Inc. (collectively "LG") on November 26, 2010, in the Eastern District of Texas. ITRI filed its original infringement contentions on September 9, 2011, pursuant to the Patent Rules of the Eastern District of Texas. On February 13, 2012, the matter was transferred to the District of New Jersey. Pursuant to the Patent Rules of this District, ITRI served infringement contentions on April 24, 2012.

On July 12, 2013, ITRI filed its prior motion for leave to amend its infringement contentions. While ITRI's motion was pending, on October 10 and 11, 2013, the Court heard the parties' respective claim construction arguments. The Court then issued its Markman opinion on claim construction on January 6, 2014.

1

Thereafter, on March 7, 2014, ITRI served a letter to LG proposing amendments to its infringement contentions. At a hearing on April 16, 2014, Magistrate Judge Joseph Dickson advised ITRI not to file a motion regarding its proposed amendments until he resolved ITRI's prior motion for leave to amend its infringement contentions. Discovery was then stayed pending a settlement conference between the parties. The settlement conference was ultimately unsuccessful and on September 25, 2014, Judge Dickson granted-in-part and denied-in-part ITRI's July 12, 2013, motion for leave to amend its infringement contentions.

On February 19, 2015, ITRI filed its second motion for leave to serve amended infringement contentions. This matter is currently before the Court and assigned to the undersigned for disposition.

## II. Discussion

Local Patent Rule 3.7 provides:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made by order of the Court upon a timely application and showing of good cause. The application shall disclose whether the adverse party consents or objects. Non-exhaustive examples of circumstances that may, absent undue prejudice to the adverse party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material prior art despite earlier diligent search; (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contention; and (d) disclosure of an asserted claim and infringement contention by a Hatch-Waxman Act plaintiff under L. Pat. R. 3.6(f) that requires response by defendant because it was not previously presented or reasonably anticipated. The duty to supplement discovery responses under Fed. R. Civ. P. 26(e) does not excuse the need to obtain leave of Court to amend contentions.

The ability to amend infringement contentions under Local Patent Rule 3.7 is committed to the court's discretion. Under the Rule a court's ruling on claim construction may support an

amendment. Id. Consideration of any such proposed amendment must balance the asserted need for the amendment with the purposes and philosophy embodied in the Local Patent Rules.

Local patent rules seek to advance the orderly progression of patent litigation by requiring the parties "to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." Atmel Corp. v. Info. Storage Devices, Inc., No. C 95–1987 FMS, 1998 WL 775115, *2 (N.D. Cal. Nov. 5, 1998). They are designed to advance the litigation in a timely and efficient manner and make it less expensive. Raytheon Co. v. Indigo Sys. Corp., No. 4:07-CV-109, 2008 WL 5378047, at *1 (E.D. Tex. Dec. 23, 2008). In doing so they reflect a more conservative approach than the rules that govern the amendment of pleadings generally and aim to prevent the "'vexatious shuffling of positions' that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action." Berger v. Rossignol Ski Co., No. C 05-02523 CRB, 2006 WL 1095914, at *1 (N.D. Cal. Apr. 25, 2006) aff'd, 214 F. App'x 981 (Fed. Cir. 2007)(quoting JSR Corp. v. Tokyo Ohka Kogya Co., 2001 U.S. Dist. LEXIS 24959, * 18 (N.D. Cal. Sep. 13, 2001)).

The local patent rules in the Northern District of California require both the plaintiff and the defendant "to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." 02 Micro Int'l, Ltd. v. Monolithic Power Sys., 467 F3d. 1355, 1365-1366 (Fed. Cir. 2006). "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." Id. "The same policy rationales motivate this district's Local Patent Rules[.]" Hoffmann-La Roche Inc. v. Orchid Chemicals & Pharmaceuticals Ltd., 07-CV-4582-SRC MAS, (D.N.J. 2011)

In Copper Innovations Group., LLC v. Nintendo Co., No. 2:07CV1752, 2012 WL 628465, at *1 (W.D. Pa. Feb. 27, 2012), aff'd, 505 F. App'x 959 (Fed. Cir. 2013), the District Court struck the plaintiff's amended infringement contentions that were served soon after the Court's Markman hearing. Although the local patent rule permitted an amendment if made in "a timely fashion, asserted in good faith and without purpose of delay," the Court found that "consideration of any such proposed amendment must balance the asserted need for the amendment with the purposes and philosophy embodied in the Local Patent Rules." Id. at *2.

In this matter, ITRI alleges that the contentions submitted in its post-Markman amendment are identical to the infringement contentions served almost a year ago except they do not include the products for which Magistrate Judge Dickson denied leave. ITRI further alleges that its post-Markman amendment does not add new products, new components of the accused products, or new claims, but rather seeks to incorporate the Court's claim construction and additional evidence concerning the same products, components, and claims in light of those constructions. Finally, ITRI maintains that its amended infringement contentions are necessary because the Court adopted constructions that were in some instances different than those proposed by ITRI.

Although Local Patent Rule 3.7 states that a claim construction by the Court different from that proposed by the party seeking amendment may support an amendment to the infringement contentions, ITRI has failed to demonstrate why the Court's claim construction necessitates it to serve amended contentions. As ITRI maintains that its amended infringement contentions merely seek to incorporate the Court's claim construction and additional evidence, ITRI has failed to demonstrate to the Court that there is good cause to permit its post-Markman amended contentions.

Furthermore, permitting ITRI to proceed with its amended infringement contentions would conflict with the policies underlying the Local Patent Rules in this District. This matter has been pending since November 2010, and has been before this Court since September 2011. After nearly four years of litigation in this District, the parties are finally nearing the end of the discovery phase of litigation. If this Court were to grant leave for ITRI to amend its patent infringement contentions, judicial proceedings will be further delayed. The Local Patent Rules are designed to promote the orderly progression of litigation and prevent the shifting of positions late in litigation. See LG Electronics Inc. v. Q-Lity Computer, Inc., 211 F.R.D. 360 (N.D. Cal. 2010). Allowing ITRI to amend its infringement contentions at this point in time will thus undermine the policies and concerns underlying the Local Patent Rules in this jurisdiction.

Infringement contentions serve as substitutes for interrogatories, but they also act as forms of pleading that disclose the parties' theories of their case and thereby shape discovery and the issues to be determined at trial. Apple Inc. v. Samsung Electronics Co., No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at *3 (N.D. Cal. June 26, 2013). If the Court were to allow ITRI to amend its infringement contentions discovery will need to be extended and this case will unnecessarily drag on for a prolonged period of time. "The liberalization of local patent rules was not intended to displace the very purposes for having such rules." Copper Innovations Grp., LLC v. Nintendo Co., No. 2:07CV1752, 2012 WL 628465, at *2 (W.D. Pa. Feb. 27, 2012) aff'd, 505 F. App'x 959 (Fed. Cir. 2013).

Consequently, it is the opinion of the Special Master that ITRI has failed to show good cause to serve amended infringement contentions and further that the policies underlying this District's Local Patent Rules will not be served by allowing ITRI to file amended infringement contentions at this late stage.

## III. Conclusion

For the foregoing reasons, it is the recommendation of the Special Master that ITRI's post-Markman motion for leave to file amended infringement contentions be denied.

Respectfully Submitted,

_____
DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)
**SPECIAL MASTER**

cc: Honorable Ester Salas, U.S.D.J
     Honorable Joseph A. Dickson, U.S.M.J.
     Vincent E. McGeary, Esq.
     Michael Shore, Esq.
     David Morris, Esq.
     Donald A. Robinson, Esq.
     Leda Wettre, Esq.

**SO ORDERED**

_s/Joseph A. Dickson_
Joseph A. Dickson, U.S.M.J.
Date: 3/30/15